IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RECEIVED JUL - 7 2020 PAIGE WYMORE-WYNN, CLERK U.S. DISTRICT COURT WEST DISTRICT OF MISSOURI JB

STEVEN L. REED,

Plaintiff,

v.

CLIFF SMART, Missouri State University,

President, et al,

Defendants.

Case No. 19-03348-CV-S-BP

**PLAINTIFF REED'S OPPOSITION TO CHIEF OF POLICE AND SPRINGFIELD, MO MOTION TO DISMISS 6-30-2020 AND, EMERGENCY MOTION FOR A STAY/INJUNCTION PENDING APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62 (C.) PLAINTIFF STEVEN L. REED'S EMERGENCY MOTION IS REQUESTED TO AVOID IRREPARABLE HARM AND INCLUDES THE FOLLOWING ACTIONS NEEDED BY THIS COURT: (A.) THIS COURT MUST DENY CHIEF OF POLICE AND CITY OF SPRINGFIELD MOTION TO DISMISS DATED 6-30-2020, (B.) NEW EVIDENCE MUST BE ACCEPTED THAT A FEDERAL EXECUTIVE ORDER CONFIRMS PLAINTIFF REED'S CASE WHICH SHOWS DEFENDANTS HAVE VIOLATED STATE AND FEDERAL LAWS PER THE RULE OF LAW AND DOJ USA IS ASKED TO FILE A MOTION/ORDER IN SUPPORT OF EXECUTIVE ORDER IN THE INSTANT CASE AND TO REVIEW THE ENTIRE CASE, (C.) A CONTINUANCE BE GRANTED BY THIS COURT FOR A SIX MONTH CONTINUANCE TO ALLOW FOR REVIEW BY THE U.S. SUPREME COURT OF THE INTERLOCUTORY APPEAL REQUEST BY PLAINTIFF REED AND THE SETTLEMENT OF THE INSTANT CASE BY DEFENDANTS OR ALLOW TO GO TO A JURY, AND (D.) PLAINTIFF REED SUBMITS PROPOSED COURT ORDER TO ADDRESS AN ILLEGAL MOTION FILED BY THE CITY OF SPRINGFIELD MO DURING A NATIONAL CRISES PUTTING REED IN HARMS WAY TO RESPOND.**

COMES NOW, Steven L. Reed submits an Emergency Motion that addresses the need for action by this Court to avoid irreparable harm and to secure justice in the instant action.

The United States government was created with the "Declaration of Independence" which states....all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty, and the pursuit of

Happiness. That to secure these rights, Governments are instituted among Men… This implies that the only reason for a government to exist and its sole responsibility is to protect "Human Rights" of which the most notable list is the "Universal Declaration of Human Rights".

(A.) THIS COURT MUST DENY CHIEF OF POLICE AND CITY OF SPRINGFIELD MOTION TO DISMISS DATED 6-30-2020:

A. Plaintiff Steven L. Reed seeks a stay/injunction pending appeal here so that the United States Supreme Court has the opportunity to review the novel questions of statutory interpretation and constitutional law presented by this case.

Issue: Plaintiff Steven L. Reed seeks a stay or an injunction pending appeal here so that the United States Supreme Court has the opportunity to review the novel questions of statutory interpretation and constitutional law presented by this case.

Rule: Federal Rule of Civil Procedure 62.

Analysis: (d) INJUNCTION PENDING AN APPEAL. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction

Conclusion: It is illegal to ask for a dismissal of a legal case especially when there is a national health crisis and expecting Plaintiff Steven L. Reed to respond by having to travel to the Court to Deliver Motion to respond to Chief of Police/Springfield, MO could put his life in peril.

(B.) NEW EVIDENCE BE ACCEPTED THAT A FEDERAL EXECUTIVE ORDER CONFIRMS PLAINTIFF REED'S CASE WHICH SHOWS DEFENDANTS HAVE VIOLATED STATE AND FEDERAL LAWS PER THE RULE OF LAW, DOJ USA IS ASKED TO FILE A MOTION/ORDER IN SUPPORT OF EXECUTIVE ORDER IN THE

INSTANT CASE:

Issue: President Donald J. Trump signed on March 21, 2029 and this Court should be aware of that order and is not enforcing it in any fashion at all. This alone is enough for the Court to order a Settlement or that the case should go directly to a JURY. Plaintiff Steven L. Reed notes that this signing of executive order was reported worldwide and as Beulah Winfrey used to say in Business Law at School. College of the Ozarks you know or should is a standard in Court. This Court should have known this is a "First Impression" case concerning the Presidential Executive Order and the First Impression of the new state of Missouri law making all colleges that receive tax monies "Free Speech Zones".

Rule: President Trump announced March 21 that he would make federal funding for universities contingent on assurances of free speech. (The Washington Post) By **Susan Svrluga** March 21, 2019 at 6:13 p.m. CDT President Trump signed an executive order Thursday protecting freedom of speech on college campuses.

EXECUTIVE ORDER President Donald Trump: Sec. 2. Policy. It is the policy of the Federal Government to: (a) encourage institutions to foster environments that promote open, intellectually engaging, and diverse debate, including through compliance with the First Amendment for public institutions and compliance with stated institutional policies regarding freedom of speech for private institutions…The video is evidence that the Presidential Executive Order applies to the instant case.

Analysis: This Court must allow proper evidence such as the video submitted to the Court and Defendants showing the security guard told Reed he had to go to a public street like Grand and that Reed had to leave MSU property right away. Reed told the security guard about the new law and security guard denied the comments. It is a travesty and failure basic justice by not

viewing or commenting on the video. The attorney representing MSU is guilty of cover-up by not admitting the truth as shown on the video. The Kansas City Law Firm claims Reed was simply asked to leave by the security guard. Plaintiff Reed responded saying that was false and the VIDEO IS PROOF REED WAS TOLD TO LEAVE AND SPRINGFIELD POLICE WERE BEING CALLED which could have lead to an ARREST IF REED DID NOT LEAVE. In this Court ruling in agreeing to dismiss case this Court did not answer or address this issue in any way. That is a travesty of justice and should not be allowed to stand in a court of law. The video is evidence that the Presidential Executive Order applies to the instant case.

Conclusion: Ignoring facts and evidence is justice denied. These set forth the **facts** the judge found to be true and the **conclusions of law** he reached regarding those **facts**. This allows a losing party to know how and why the judge reached his decision and whether an appeal is warranted. The video is evidence that the Presidential Executive Order applies to the instant case. The Department of Justice is asked to enter a Motion/Order in support of the Executive Order in this instant case. Plaintiff Steven L. Reed is asking the Department of Justice to review why Evidence is not being considered. In addition why this Court is not following an Executive Order that made world news.

(C.) A CONTINUANCE BE GRANTED BY THIS COURT FOR A SIX MONTH CONTINUANCE TO ALLOW FOR REVIEW BY THE U.S. SUPREME COURT PER THE INTERLOCUTORY REQUEST BY PLAINTIFF REED AND THE SETTLEMENT OF THE INSTANT CASE BY DEFENDANTS:

Issue: Chief of Police and City of Springfield has filed a motion for dismissal of the instant case. Plaintiff Steven L. Reed submits four exhibits of why time must be allowed for the United States SUPREME COURT to review evidence in the instant case that being submitted video of the

constitutional violation and violation of the new Missouri law which says any college campus that receives state monies is considered a free speech zone.

Rule: Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass…

The Chief of Police and the City are violating with malice that an interlocutory motion to the United States Supreme Court has been submitted in the instant case.

Analysis: The Chief of Police and the City of Springfield, Missouri is hoping that this Court will grant their dismissal and the case will be over and Plaintiff Reed will not be able to do anything about it.

Conclusion: The following is evidence this Court is aware of interlocutory appeal to the United States Supreme Court:

#1. Motion to Appeals Court dated May 4, 2020. Motions ask for a Stay on case per Rule 41.

#2. Letter from Paige-Wymore-Winn of this Court May 7, 2020. Proof this Court received notice of Interlocutory Appeal.

#3. Certified Mail Receipt from Clerk of U.S. Supreme Court dated May 13, 2020. Proof the United States Supreme Court received Interlocutory Appeal.

(D.) PLAINTIFF REED SUBMITS PROPOSED COURT ORDER:

**COURT ORDER**

**It is ordered by this Court that a Stay/Injunction and six month continuance be issued in Case No. 19-03348-CV-S-BP.** TO ADDRESS AN ILLEGAL MOTION FILED BY

THE CITY OF SPRINGFIELD MO DURING A NATIONAL CRISSES PUTTING REED IN HARMS WAY TO RESPOND, A CONTINUANCE/STAY/INJUNCTION BE GRANTED BY THIS COURT FOR A SIX MONTH CONTINUANCE TO ALLOW FOR REVIEW BY THE U. S. SUPREME COURT OF THE INTERLOCUTORY APPEAL REQUEST BY PLAINTIFF REED AND THE SETTLEMENT OF THE INSTANT CASE BY DEFENDANTS OR ALLOW TO GO TO A JURY, AND **for the following reasons:**

A. To allow time for the United States Supreme Court time to review and rule on an Interlocutory Appeal concerning a video given by Plaintiff Steven L. Reed as evidence.

B. To allow the United States Justice Department time to review violations of the Presidential Executive Order (First Impression), concerning freedom of speech on campuses across the USA and the additional protections in new Missouri Law (First Impression), requiring all colleges who receive state funding are considered FREE SPEECH ZONES. A case is labeled of the first impression when it sets forth a completely original issue of law for decision by the court. Such a case cannot be decided by reliance on any existing precedent, law formulated in a prior case decided on a comparable question of law, or similar facts. The City of Springfield, Missouri Chief of Police has a responsibility to make sure all members of the sub-station are aware of state and federal law allowing freedom of speech and has a responsibility to make sure MSU security are informed and the City of Springfield continues its pattern with Plaintiff Steven L. Reed.

An additional review of bias against Steven L. Reed by the City of Springfield, Missouri:

Steven L. Reed was:

Arrested by Springfield Police in 1996 for handing out raise minimum wage pamphlets.

Arrested by Springfield Police and taken to jail for doing volunteer voter registration while

Joesph Lieberman was on campus yards away campaigning for the White House.

Arrested by Springfield Police making front-page news for handing out draft Claire McCaskill literature while 500 people entered Jackson Days at Choice Hotels in Springfield, MO.

Threatened with arrest by Springfield Police why getting signatures on a statewide petition at Job Council of the Ozarks…Missouri Career Center.

Recently threatened with arrest at Missouri State University.

C. A continuance of six months is order in this case for review by the United States Supreme Court of the interlocutory appeal and any other actions the Court decides are necessary under the circumstances including punitive damages against MSU and City of Springfield, Missouri.

END OF COURT ORDER

Plaintiff Reed points out that the City of Springfield received certified mail of the lawsuit in the U.S. Mail on October 12, 2019 and the City refused to waive service. It is widely accepted that a governmental agency will accept service by such method. Since the City of Springfield did not accept it the Court ordered the federal marshals to deliver the lawsuit to the City of Springfield with the additional charges to be paid by the City of Springfield which will ultimately be paid by the taxpayers of the City of Springfield.

The City of Springfield has a long history of bad faith efforts to deny Steven L. Reed basic constitutional rights.

WHEREFORE, Plaintiff STEVEN L. REED PRAYS: This Court deny the Chief of Police and City of Springfield's motion to dismiss and the Court order and a six month continuance/stay/injunction in the instant case to allow the United States Supreme Court to review an interlocutory appeal filed by Plaintiff Reed and to allow time for the U.S. Justice

department to review the entire case. The Chief of Police/Springfield, MO must address a continuing pattern of **Deliberate Indifference/Malice** towards Steven L. Reed in instant case.

Certificate of Service---I certify that on 7-6-2020 a true copy of the above was mailed, postage pre-paid or electronically to the last known mailing address of each party to this lawsuit.
Respectfully submitted,

Steven L. Reed, Plaintiff
2010 S. Ingram Mill Rd. F-6
Springfield MO 65804 (Note: Mail will be forwarded to a new address)
PLEASE SEND NOTICES TO: mrstevenlreed@gmail.com and mrstevenlloydreed@yahoo.com

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Eight Court of Appeals
111 S 10th St # 22.300, St. Louis, MO 63102

Springfield Missouri Legal Department
840 Boonville
Springfield, MO 65802

United States Courthouse
222 N. John Q. Hammons Parkway
Springfield, MO 65806 Note a copy is being delivered for the District Court to enter as a document sense Appellant Reed was ordered to notify every thirty days of any actions by the Appeals Court to the District Court. Per Judge Phillips.

U.S. Commission on Civil Rights
624 Ninth Street, NW
Washington, DC 20425

Husch Blackwell LLP
Mr. Robert Schaeffer
901 St. Louis Street, Suite 1800
Springfield, MO 65806