# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN L. REED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-03348-CV-S-BP ) |
| CLIFF SMART, Missouri State University President, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER AND OPINION DISMISSING THE GOVERNOR OF MISSOURI, "LIBRARY STAFF," JANE DOE, AND JOHN DOE WITHOUT PREJUDICE

Plaintiff Steven L. Reed filed this *pro se* action in September 2019, alleging that his freedom of speech and other civil rights were violated in front of the library at Missouri State University ("MSU"). The Court has dismissed the majority of the defendants, leaving only the Governor of Missouri, "Library Staff," "Jane Doe," and "John Doe." (Doc. 39.) On August 6, 2020, noting that these defendants have not been served with process within the time allotted in Federal Rule of Civil Procedure 4(m), the Court ordered Plaintiff to show cause as to why the remaining defendants should not be dismissed. (Doc. 39.) As explained below, the Court finds that the Plaintiff's failure to serve these defendants after almost a year of litigation requires that they be **DISMISSED** without prejudice. As further explained, because the interests of justice do not require that Plaintiff receive more time to conduct discovery, Plaintiff's request for a sixty-day continuance is **DENIED**.

## I. BACKGROUND

Plaintiff's *pro se* Complaint lists the following individuals and entities as defendants: Clif Smart, President of MSU; an unnamed MSU security guard ("Security Guard Defendant");

unnamed "library staff" ("Library Defendants") at MSU; the MSU Board of Governors; unnamed Vice Presidents of MSU; the City of Springfield, Missouri; Paul F. Williams, the Springfield Chief of Police; the Governor of Missouri; and "other John and Jane Does as discovery reveals", i.e., the remaining "Jane Doe" and "John Doe" defendants ("Doe Defendants"). (Doc. 7, p. 10–11.)

Two groups of defendants are no longer part of this lawsuit. The first group consists of Clif Smart, Security Guard Defendant, the MSU Board of Governors, and the MSU Vice Presidents (collectively "MSU Defendants"). MSU Defendants moved to dismiss on the grounds that Plaintiff's suit failed to state a claim. (Doc. 12.) The Court granted that motion on January 8, 2020. (Doc. 16.) The second group consists of the City of Springfield, Missouri, and Springfield's Police Chief Paul F. Williams (collectively "Springfield Defendants"). Springfield Defendants moved to dismiss on June 30, 2020, (Doc. 36), and the Court granted their motion on August 6, 2020. (Doc. 38.)

Thus, the only remaining defendants are Library Defendants, the Governor of Missouri, and Doe Defendants. None of the remaining defendants have been served as required by Federal Rule of Civil Procedure 4(m). Accordingly, the Court ordered Plaintiff to show cause why the remaining defendants should not be dismissed. (Doc. 39.) Plaintiff's response does not mention any of the remaining defendants. Instead, it claims that Plaintiff has not served Security Guard Defendant—who has already been dismissed as a member of MSU Defendants—because of the coronavirus pandemic. (Doc. 41, p. 1.) Plaintiff asks the Court to instruct MSU (which is also no longer a party) to turn over the name of Security Guard Defendant, as well as all other "documents and tangible things" relating to Security Guard Defendant. (Doc. 41, p. 2.) Plaintiff also seeks a sixty-day continuance to find the name of Security Guard Defendant. (Doc. 1, p. 2.) The Court resolves these issues below.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action." A plaintiff who fails to serve process within the timeframe must "show good cause for the failure," and if the plaintiff does so, the Court must then "extend the time for service for an appropriate period." Although "courts have not given conclusive meaning to the phrase ['good cause']," a showing of good cause requires, at minimum, "good faith and some reasonable basis for noncompliance with the rules." *Kurka v. Iowa County*, 628 F.3d 953, 957 (8th Cir. 2010) (citations omitted). A plaintiff "proceeding *pro se* or *in forma pauperis*" can more easily show good cause than a represented plaintiff, *id*. (citation omitted), but "*pro se* litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). Even a *pro se* plaintiff must demonstrate a good faith effort to comply with the rules to establish "good cause" for an extension of time to serve process.

Plaintiff filed his complaint on September 30, 2019. (Doc. 7.) MSU Defendants waived service of process on October 18, 2019. (Doc. 5.) The Court subsequently granted Plaintiff's motion to proceed *in forma pauperis*, and authorized Plaintiff to serve Springfield Defendants via the United States Marshal. (Doc. 11.)

More than ninety days have elapsed since September 30, 2019, and Plaintiff has failed to effect service of process on the Governor of Missouri, Library Staff Defendants, or Doe Defendants. The Court considers each of these defendants in turn to ascertain whether Plaintiff has shown good cause for his failure to serve process.

1. **The Governor of Missouri**

Plaintiff does not mention the Governor of Missouri in his response to the Court's Order to Show Cause. (Doc. 41.) Plaintiff's only argument that could be construed as an effort to show good cause is his allusion to the difficulty of identifying unknown persons during a national pandemic. (Doc. 41, p. 2.) The Governor of Missouri, however, is not an unknown person. His name and an address at which he can be served are a matter of public record. There is no "reasonable basis" for Plaintiff's failure to identify and serve the Governor of Missouri.

Further, the only theory of liability Plaintiff asserts against the Governor of Missouri is his claim that the Governor is somehow vicariously responsible for the actions of MSU personnel. Because the Court has concluded that Plaintiff has failed to state any plausible claim for liability against MSU Defendants, the Governor cannot be held vicariously liable for their actions. (*See* Doc. 16.) Thus, the interests of justice do not require that Plaintiff be given more time in which to serve the Governor of Missouri.

In sum, Plaintiff has not demonstrated that he made a good faith effort to comply with the Federal Rules of Civil Procedure, and accordingly, has not shown good cause. Thus, Plaintiff's claims against Governor of Missouri are **DISMISSED** without prejudice.

2. **Library Staff Defendants**

Plaintiff does not mention Library Staff Defendants in his response to the Court's Order to Show Cause. (Doc. 41.) The Complaint itself mentions Library Staff Defendants in connection with a variety of conclusory allegations, like the "Civil Constitutional Rights Violations" of which Plaintiff makes frequent mention, (*see* Doc. 7, *passim*), but does not make any concrete claims about how Library Staff Defendants wronged Plaintiff.

4

Indeed, Plaintiff has not specified where Library Staff Defendants are employed. As best the Court can discern, Library Staff Defendants refer to the employees of the MSU library, in front of which, Plaintiff claims, his rights were violated. (*See* Doc. 7, p. 20, ¶¶ 27, 32–34.) The Court has already found that Plaintiff has not stated a claim against any MSU-affiliated person. (*See generally* Doc. 16.) Therefore, if Library Staff Defendants are affiliated with MSU, then Plaintiff has not stated a claim against them for the reasons outlined in the Court's order dismissing MSU Defendants from the suit. (Doc. 16.) Thus, to the extent that Library Staff Defendants are MSU personnel, Plaintiff's claims against them are **DISMISSED**.

But if Library Staff Defendants are not affiliated with MSU, then the Complaint contains no plausible allegations about how they could be involved in the wrongs Plaintiff alleges, since Plaintiff does not allege any violation of his rights that does not stem from his interactions with MSU personnel. In either case, Plaintiff "never identified [Library Staff Defendants], much less served [them]," *Cantrell v. Huckabee*, 433 Fed. Appx. 488, 489 (8th Cir. 2011) (per curiam), in the many months since he filed his Complaint. Plaintiff's laments about the difficulty of identifying unknown wrongdoers in a national pandemic, (Doc. 41, p. 2), are unavailing: Plaintiff had half a year between when he filed suit on September 30, 2019, and the emergence of coronavirus as a national emergency to identify any non-MSU affiliated Library Staff Defendants. Thus, the interests of justice do not require that Plaintiff be given more time to identify and serve Library Staff Defendants.

Accordingly, the Court concludes that Plaintiff has not made a good faith effort to comply with the Federal Rules of Civil Procedure, and hence has not shown good cause. Thus, to the extent that Library Staff Defendants have not already been dismissed as MSU personnel, Plaintiff's claims against them are **DISMISSED** without prejudice.

**3. Doe Defendants**

Plaintiff does not specifically mention any Doe Defendants in his response to the Court's Order to Show Cause. (Doc. 41.) In the Complaint itself, Plaintiff alludes to "other John and Jane Does as discovery reveals" who "acted in conspiracy with one or more defendants to violate plaintiff's rights." (Doc. 7, p. 11.) Plaintiff alleges generally that these unnamed individuals were involved in one or several conspiracies to deprive him of his constitutional rights, falsely imprison him, and/or inflict severe emotional distress upon him.

As best the Court can tell from the Complaint, at least one of the John Does is Security Guard Defendant, since Plaintiff repeatedly calls the MSU security guard with whom he interacted "John Doe # 1" and the like. (*E.g.*, Doc. 7, p. 21.) Plaintiff also focuses his response to the Court's show cause order on Security Guard Defendant. (Doc. 41.) He asks the Court to grant him additional time to find the name of Security Guard Defendant, and force MSU to hand over documents relating to Security Guard Defendant, as Plaintiff expects Security Guard Defendant to be "the key witness in jury trial." (Doc. 41, p. 1.)

The problem with Plaintiff's argument is that *all of* the MSU-affiliated defendants—including Security Guard Defendant—have already been dismissed with prejudice because Plaintiff never alleged the facts necessary to sustain the causes of action he brought against them. (*See generally* Doc. 16.) The additional discovery Plaintiff requests to identify Security Guard Defendant, (Doc. 41, p. 1), would not help Plaintiff because Security Guard Defendant has already been dismissed. Accordingly, to the extent that John Doe or any of the Doe Defendants are Security Guard Defendant, Plaintiff's claims against them are **DISMISSED**.

Insofar as there are any remaining Doe Defendants, the analysis is much the same as with the Library Staff Defendants. If any Doe Defendants are MSU personnel, Plaintiff's claims against

them have already been dismissed with prejudice. (Doc. 16.) If any of the Doe Defendants are not MSU personnel, then Plaintiff has not supplied any plausible allegations that they violated his rights, or any information that would be necessary to identify them. In short, the Court has given Plaintiff "ample time and opportunity . . . to serve process on" Doe Defendants, *Evans v. Lombardi*, 1994 U.S. App. LEXIS 27814, at *1 (8th Cir. 1994), and he has failed to avail himself of those chances. Therefore, the interests of justice do not require that Plaintiff be given more time to identify and serve Doe Defendants.

Because Plaintiff has not made a good faith effort to comply with the Federal Rules of Civil Procedure, he has failed to show good cause. Therefore, Plaintiff's claims against any remaining Doe Defendants are **DISMISSED** without prejudice.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's claims against the remaining defendants—the Governor of Missouri, Library Staff Defendants, Doe Defendants, and any other Defendants not dismissed in previous motions—are **DISMISSED** without prejudice. Plaintiff's request for a sixty-day continuance is **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE:  August 28, 2020                    UNITED STATES DISTRICT COURT

7