## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

STEVEN L. REED,                          )
                                         )
              Plaintiff,           )
                                         )
v.                                       )      Case No. 19-03348-CV-S-BP
                                         )
CLIFF SMART, Missouri State University   )
President, *et al*.,                     )
                                         )
              Defendants.          )

## ORDER DENYING PLAINTIFF'S MOTION
## TO REOPEN THE TIME TO FILE A NOTICE OF APPEAL

Plaintiff Steven L. Reed initiated this *pro se* action in September 2019, alleging that his freedom of speech and other civil rights were violated in front of the library at Missouri State University ("MSU") by various defendants. The Court granted motions to dismiss filed by two groups of Defendants, (*see* Docs. 16, 38), and ordered Plaintiff to show cause why the remaining Defendants, who were never specifically identified or served, should not be dismissed. (Doc. 39.) After Plaintiff failed to excuse the lack of service or assert any connection between the remaining Defendants and his grievance, the Court dismissed them and entered a Clerk's Judgment against Plaintiff. (Docs. 43, 44.) That occurred on August 28, 2020.

On November 2, the Court received a *pro se* motion from Plaintiff seeking leave to file a notice of appeal out of time under Federal Rule of Appellate Procedure 4(a)(1)(A), 66 days after the Clerk's Judgment was entered. (Doc. 45.) Because that rule requires a would-be appellant to file a motion no later than 60 days past the entry of the final judgment, *Morgan v. Vogler Law Firm, P.C.*, 793 Fed. App'x. 460, 461 (8th Cir. 2020), the Court denied Plaintiff's motion. (Doc. 47.)

Now, Plaintiff has filed a *pro se* motion under Federal Rule of Appellate Procedure 4(a)(6) asking the Court to reopen the time window for him to file a notice of appeal. (Doc. 48.) Rule 4(a)(6) requires the party seeking an appeal to demonstrate that three circumstances are present: (1) the party seeking to appeal did not receive notice of the final judgment; (2) the party files a motion within 180 days of the judgment, or within 14 days of receiving notice, whichever is earlier; and (3) no party would be prejudiced by the untimely filing.

Plaintiff claims that the COVID-19 pandemic and the fact that he needs to print his submissions to the Court at a public library "qualifies legally as excusable neglect in getting the appeal timely filed." (Doc. 48, p. 1.) That is simply irrelevant to whether Rule 4(a)(6) authorizes the Court to reopen the time for Plaintiff to file an appeal. Plaintiff does not allege that he did not receive notice of the final judgment, and in fact the judgment was mailed to him on August 28; he also does not allege either of the other two circumstances required by Rule 4(a)(6).

Because Plaintiff has not explained how Rule 4(a)(6) applies to this case, his motion, (Doc. 48), is **DENIED**.

The Clerk of Court shall mail a copy of this order to:

Steven L. Reed
2010 S. Ingram Mill Rd. F-6
Springfield, MO 65804

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE:  November 24, 2020    UNITED STATES DISTRICT COURT